IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RUDY CHRISTOPHER MARSH,

    Plaintiff,

v.                                                      Civil Action No. 3:11CV662

LIEUTENANT BROOKS, et al.,

    Defendants.

**MEMORANDUM OPINION**

On October 4, 2011, Rudy Christopher Marsh, a Virginia prisoner proceeding pro se, filed this action and sought consent to proceed in forma pauperis. On October 18, 2011, the Court, by Memorandum Order, conditionally filed Marsh's action and ordered Marsh to submit an in forma pauperis affidavit and a consent to collection of fees form. (Docket No. 4.) Marsh failed to submit a consent to collection of fees form. On January 4, 2012, the Court dismissed the action without prejudice for failure to comply with the October 18, 2011 Order. (Docket Nos. 8, 9.) On January 11, 2012, the Court received Marsh's Motion for Reconsideration ("Motion"). (Docket No. 10.) Because this motion was mailed within twenty-eight (28) days of the final judgment, it is considered a motion pursuant to Fed. R. Civ. P. 59(e). See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978).

1

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for granting Rule 59(e) relief: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing cases). In his Motion, Marsh avers that he mailed the consent to collection of fees form. Nevertheless, this form was never received by the Court and Marsh did not include a consent to collection of fees in his Motion. Thus, Marsh has yet to comply with the October 18, 2011 Memorandum Order. Accordingly, Marsh's Motion (Docket No. 10) will be DENIED.[1]

The Clerk is DIRECTED to send a copy of the Memorandum Opinion to Marsh.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: February 23, 2012
Richmond, Virginia

---

[1] The Court notes that, because Marsh's claims will be dismissed without prejudice, he can simply re-file them.

2